**Jonathan M. Brenner, SBN 162366**
**jbrenner@sidley.com**
**Erica C. Parks, SBN 273893**
**eparks@sidley.com**
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California  90013**
**Telephone:  (213) 896-6000**
**Facsimile:  (213) 896-6600**

**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOROTHEA EMMONS and LISA STAPLETON, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Delaware corporation; QUEST DIAGNOSTICS INCORPORATED, doing business as QUEST DIAGNOSTICS INCORPORATED OF NEVADA, a Nevada corporation; QUEST DIAGNOSTICS NICHOLS INSTITUTE, a California corporations; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:13-cv-00474-AWI-BAM<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION TO REMAND** |

Defendants Quest Diagnostics Clinical Laboratories, Quest Diagnostics Inc. d/b/a Quest Diagnostics Inc. of Nevada, and Quest Diagnostics Nochols Institute (collectively "Quest") respectfully submit this Notice of Supplemental Authority to advise the court of a new, precedential decision by the United States Court of Appeals for the Ninth Circuit, *Rodriguez v. AT&T Mobility Services, LLC*, No. 13-56149, --- F.3d ---- (9th Cir. Aug 27, 2013), which bears dispositively upon the issues in Plaintiff's pending Motion to Remand (as well as Defendants' pending Objections to the Magistrate Judge's Findings and Recommendations Granting Plaintiff's Motion to Remand).  A copy of the opinion is attached as Exhibit 1.

In *Rodriguez*, the Court of Appeals held that *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007)—which imposes on CAFA defendants the burden to prove the amount-in-controversy to a "legal certainty"—has been effectively overruled by the Supreme Court's recent opinion in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).  As the *Rodriguez* Court explained, *Standard Fire* held that a class plaintiff's obligations to absent class members preclude her from being the "master of her complaint."  *Standard Fire* instead requires that courts look beyond boilerplate amount-in-controversy statements in a complaint and "aggregate the value of the individual claims of all who meet the class description." 133 S. Ct. at 1350.  *Standard Fire* thus "is clearly irreconcilable with" the rationale behind *Lowdermilk*'s "legal certainty" standard.  *Rodriguez*, Slip. Op. at 14.  As a result, the *Rodriguez* Court held, "the proper burden of proof imposed upon a [CAFA] defendant to establish the amount in controversy is the preponderance of the evidence standard." *Id.* at 4.

*Rodriguez* precludes this Court from adopting the Magistrate Judge's Recommendation that this case be remanded to state court, because that Recommendation rests on the legal standard set forth in *Lowdermilk* rather than, as Quest argued, on the legal standard applicable after *Standard Fire*.  The sole basis for the recommendation to remand was Quest's purported inability to prove the amount in controversy to a  legal certainty—the standard from *Lowdermilk* that is no longer valid under *Standard Fire*.

Except for the amount in controversy requirement, there is no dispute between the parties that all the prerequisites for removal jurisdiction are met.  As to the amount in controversy, there can

1

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS GRANTING
PLAINTIFFS' MOTION TO REMAND**

now be no serious dispute that Quest's evidentiary submission satisfies the "preponderance of the evidence" standard set forth in *Rodriguez* and that is now binding on this Court. Quest's robust evidence shows that the amount in controversy far exceeds $5 million. In brief, Quest's data shows the amount placed in controversy by *only two* of Plaintiffs' *nine* claims already exceeds $8,625,000 and would be significantly higher taking into account less conservative class data and/or the additional relief sought, including Plaintiffs' claims under PAGA, myriad alleged wage and hour remedies and penalties, and claimed attorneys' fees "in excess of $25,000."[1] Plaintiff's claim under Labor Code § 226, alone, for instance, puts at issue the accuracy of *every* wage statement paid to class members (including all subclasses) during the relevant statutory period and the maximum penalty recoverable under § 226. Given the uncontested evidence regarding the minimum class size, Defendants conservatively calculated that the minimum amount in controversy for Plaintiffs' wage statement claim alone is at least $5,300,000.[2] Likewise, Plaintiffs unquestionably have put at issue the maximum penalty recoverable under Labor Code § 203 for every former employee in the relevant statutory period. Considered along with Defendants' uncontested evidence regarding the minimum number of persons in the putative class who have been former employees for more than thirty days, and their average pay, Defendants conservatively calculated that Plaintiffs' wage statement claim adds another $3.25 million in controversy.[3] Plaintiff's additional claims only add to this number.

This is more than sufficient to satisfy the preponderance of the evidence standard. *See e.g.*, *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) ("Since Defendant's calculations were relatively conservative, made in good faith, and based on evidence wherever possible, the Court finds that Defendant has established by a preponderance of the evidence that the

---

[1] This data is that the putative Class is comprised of *at least* 2000 persons, *at least* 785 of whom are no longer employed, and represents *at least* 1200 Fill Time Equivalents ("FTE"); the putative Floater Sub Class is comprised of *at least* 180 persons, *at least* 30 of whom are no longer employed, and represents *at least* 125 FTEs; and the average hourly wage for these individuals was *no less than* and in excess of $17.00 per hour.

[2] 1,325 FTE's x $4,000 = $5,300,000.

[3] Minimum average wage of $17.00 per hour x an average 8 hours per day x 30 days of waiting time penalties x no fewer than 815 formerly employed individuals = $3,325,200.

amount in controversy exceeds $5,000,000."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) (holding that, under the preponderance standard, a defendant is entitled to the presumption that each class plaintiff may recover the statutory maximum in calculating the amount in controversy); *Altamirano v. Shaw Indus.*, No. C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236 (N.D. Cal. June 14, 2013) (same).[4]  Indeed, *Standard Fire* teaches that jurisdiction is proper so long as Defendants can show there is even a "contingent" but "real possibility" that jurisdictional minimum might be met.  *Standard Fire*, 133 S. Ct. at 1350.  Quest's evidence more than fulfills this requirement.

In light of *Rodriguez*'s overruling of *Lowdermilk*, therefore, there is no longer any support for the Magistrate Judge's Recommendation. On this basis alone, this Court should reject the Recommendation.  Furthermore, based on the undisputed and substantial evidence summarized above and set forth in Quest's briefing and declarations, the Court should deny Plaintiff's Motion to Remand.

Dated: August 28, 2013                                                     SIDLEY AUSTIN LLP

By: */s/ Erica C. Parks*
    Jonathan M. Brenner
    Erica C. Parks
    Attorneys for Defendants

---

[4] The Recommendation here expressly declined to follow *Altamirano* because "*Altamirano* applied the preponderance of the evidence standard and not the more rigorous legal certainty standard." See Recommendation at 11-12.  This reasoning is now unsupportable.