1  Raul Perez (SBN 174687)
   Raul.Perez@Capstonelawyers.com
2  Alexandria Witte (SBN 273494)
   Alexandria.Witte@Capstonelawyers.com
3  Capstone Law APC
   1840 Century Park East, Suite 450
4  Los Angeles, California 90067
   Telephone:  (310) 556-4811
5  Facsimile:   (310) 943-0396

6  Attorneys for Plaintiffs Dorothea Emmons
   and Lisa Stapleton
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DOROTHEA EMMONS and LISA STAPLETON, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees,<br><br>Plaintiffs,<br><br>vs.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Delaware corporation; QUEST DIAGNOSTICS INCORPORATED, doing business as QUEST DIAGNOSTICS INCORPORATED OF NEVADA, a Nevada corporation; QUEST DIAGNOSTICS NICHOLS INSTITUTE, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  1:13-cv-00474-AWI-BAM<br><br>[Assigned for All Purposes to Hon. Anthony W. Ishii]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATIONS GRANTING MOTION TO REMAND**<br><br>Hearing<br>Date:      October 7, 2013<br>Time:     1:30 p.m.<br>Place:    Courtroom 2 |

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 230(e), Plaintiffs Dorothea Emmons and Lisa Stapleton ("Plaintiffs") hereby moves for an administrative Order granting leave for supplemental briefing based on the new authority *Rodriguez v. AT&T Mobility*, No. 13-56149 (9th Cir. Aug. 27, 2013), on October 7, 2013 at 1:30 p.m., in Courtroom 2 of the above-captioned Court, located at 2500 Tulare Street, Eighth Floor, Fresno, CA 93721. The issuance of *Rodriguez* directly affects the matter pending before this Court, regarding the adoption of the Magistrate Judge's Findings and Recommendations Granting Plaintiff's Motion to Remand.

The motion is based upon the supporting Memorandum of Points and Authorities submitted herewith, the complete files and records in this action, and such other or further argument or evidence as may be presented prior to or at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

On February 27, 2013, Plaintiffs filed a Class Action Complaint in the Stanislaus County Superior Court against Defendants, seeking back pay and penalties on behalf of two classes of phlebotomists for violations of the California Labor Code. (Dkt. No. 1, Exh. B.) Defendants removed the action to this Court on April 1, 2013 (Dkt. No. 1), and Plaintiffs moved to remand the action a month later. (Dkt. No. 7.) Plaintiffs' motion to remand was based on Defendants' failure to establish the basis for federal subject matter jurisdiction. Specifically, Plaintiffs argued that Defendants failed to demonstrate to a legal certainty that the amount in controversy in this action exceeds $5 million dollars, the threshold for jurisdiction under the Class Action Fairness Act.

On June 26, 2013, the honorable Magistrate Judge Barbara McAuliffe issued her Findings and Recommendations Granting Plaintiffs' Motion to Remand ("F&R"). (See Dkt. No. 14.) One basis for granting remand is that Defendants failed to establish the amount in controversy to a legal certainty. On

1  July 12, 2013, Defendants filed an objection to the Magistrate Judge's findings
2  and recommendations before this Court.  (Dkt. No. 17.)  Plaintiffs filed a written
3  reply to Defendants' objections on July 26, 2013.  (Dkt. No. 18.)

4  On August 27, 2013, a panel for the Ninth Circuit Court of Appeals issued
5  *Rodriguez v. AT&T Mobility*, No. 13-56149 (9th Cir. Aug. 27, 2013), which
6  purports to "overrule" the Ninth Circuit's prevailing legal certainty standard for
7  removal jurisdiction under *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994,
8  999 (9th Cir. 2007).  In so doing, *Rodriguez* relies on the reasoning of *Standard*
9  *Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013), a recent Supreme Court
10 decision that does not address the standard of proof for removal at all.
11 Defendants noticed the *Rodriguez* decision on the following day.  (Dkt. No. 21.)

12 *Rodriguez*'s import is unclear. A Ninth Circuit panel generally has no
13 authority to "overrule" existing Ninth Circuit precedent based on a Supreme
14 Court case that does not address the holding of that precedent.  *See Miranda B. v.*
15 *Kitzhaber*, 328 F. 3d 1181, 1185 (9th Cir. 2003) (explaining that a Ninth Circuit
16 panel must follow prior panel decisions unless a Supreme Court decision, an en
17 banc decision, or subsequent legislation directly undermines its precedential
18 value).  Absent an en banc decision regarding the standard of proof for removal
19 jurisdiction, *Rodriguez*'s binding authority is in serious doubt.

20 Nonetheless, to the extent that the Magistrate Judge relied on
21 *Lowdermilk*—a case with an uncertain fate in the wake of *Rodriguez*—the issue
22 of federal jurisdiction is re-opened by *Rodriguez*, requiring additional briefing
23 under the purported "new" standard.  For that reason, Plaintiffs respectfully
24 request additional briefing under Local Rule 230(e), which allows the filing of
25 related motions.  The supplemental briefing requested will address whether
26 Defendants have met the preponderance of the evidence standard of proof for
27 removal jurisdiction.[1]

28 _____
[1] In *Rodriguez*, the Court remanded to the district court for further briefing

and consideration based on the preponderance of the evidence standard.  (*See Rodriguez,* Slip op. at 14-15.) Thus, to the extent that this Court follows *Rodriguez*, there should be an opportunity for Plaintiff to brief the issue of whether Defendants satisfy the preponderance of the evidence standard of proof.

Dated:  September 5, 2013

Respectfully submitted,

Capstone Law APC

By: /s/ Alexandria Witte
Raul Perez
Alexandria Witte

Attorneys for Plaintiffs
Dorothea Emmons and Lisa Stapleton