**Jonathan M. Brenner, SBN 162366**
**jbrenner@sidley.com**
**Erica C. Parks, SBN 273893**
**eparks@sidley.com**
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California  90013**
**Telephone:  (213) 896-6000**
**Facsimile:  (213) 896-6600**

**Attorneys for Defendants**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEA EMMONS and LISA STAPLETON, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Delaware corporation; QUEST DIAGNOSTICS INCORPORATED, doing business as QUEST DIAGNOSTICS INCORPORATED OF NEVADA, a Nevada corporation; QUEST DIAGNOSTICS NICHOLS INSTITUTE, a California corporations; DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 1:13-cv-00474-AWI-BAM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**<br><br><u>Hearing</u><br>Date:　　October 7, 2013<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 2 |

## I. INTRODUCTION

In this far-reaching putative class action, in which CAFA's amount-in-controversy requirement has been fully briefed in connection with Plaintiffs' earlier-filed motion for remand, Plaintiffs now request additional briefing on their motion in the wake of recent Ninth Circuit authority confirming the applicable legal standard of review. This request rests on the premises that (a) further briefing will clarify the purported "uncertainty" created by *Rodriguez v. AT&T Mobility Services, LLC*, No. 13-56149, --- F.3d ---- (9th Cir. Aug 27, 2013), and (b) *Rodriguez* has "reopened" the factual basis for jurisdiction, necessitating further briefing. Both premises are false.

In *Rodriguez*, the Ninth Circuit held CAFA's amount-in-controversy requirement is fulfilled if a preponderance of the evidence shows that more than $5 million might be at stake. This holding, though indeed guaranteeing jurisdiction here, does not merit more briefing, for two reasons. *First*, *Rodriguez* has left nothing in the law "uncertain." The "legal certainty" standard from *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007), is no longer proper, and district courts must apply the less burdensome preponderance-of-the-evidence test in assessing jurisdictional evidence under CAFA. *Second*, further briefing would prove superfluous, as *Rodriguez*'s clarification of the legal standard this Court must apply does nothing to negate the substantial factual record in support of jurisdiction already submitted and briefed. To the contrary, the parties' existing submissions regarding whether Quest's evidence met the legal certainty standard apply with full (and dispositive) force to the less-demanding preponderance standard. Moreover, it is not as if *Rodriguez* has inserted an unforeseen issue into this case. Rather, Quest has maintained from the beginning that *Lowdermilk* had been abrogated and that the preponderance standard was the proper one. Plaintiff has thus long been on notice of the fact that the preponderance standard might apply, and the parties accordingly have fully argued jurisdictional issues under *both* the legal certainty *and* preponderance standards, rendering redundant any further post-*Rodriguez* briefing. Indeed, this issue was addressed as part of Plaintiff's Motion for Remand, further briefed in connection with Quest's Objections to the Magistrate Judge's Findings and Recommendations, and raised by Quest's post-*Rodriguez* Notice of Authority—to which Plaintiffs chose not to respond. Plaintiffs thus have no basis for seeking another bite at the apple, and their request for further briefing should be denied.

– 1 –

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**

## II. ARGUMENT

### A. *Rodriguez* Left Nothing "Unclear": *Lowdermilk* Has Been Overruled, and CAFA's Jurisdictional Minimum Is Satisfied so long as a Preponderance of the Evidence Indicates that more than $5 Million May Be in Controversy.

Plaintiffs' first pretense for further briefing is that *Rodriguez* has left the law "uncertain" and in "doubt." *See* Mot. at 2 (ECF # 22). But *Rodriguez* could not have been clearer: "*Lowdermilk* has been effectively overruled, and that the proper burden of proof imposed upon a [CAFA] defendant to establish the amount in controversy is the preponderance of the evidence standard." Slip Op. at 4.

Notwithstanding Plaintiffs' pleas to the contrary, *see* Mot. as 2, *Lowdermilk*'s overruling was compelled by the Supreme Court's recent decision in *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345 (2013). Central to *Lowdermilk* was the notion that a class plaintiff had the prerogative, as "master of her complaint," to manipulate jurisdiction by alleging a lowball amount in controversy. *See* Slip. Op. at 11-12. To give teeth to this prerogative, the *Lowdermilk* panel reasoned that defendants could refute a plaintiff's amount-in-controversy statement with "legally certain" proof. *See Lowdermilk*, 479 F.3d at 999. This reasoning (and the insuperable standard it created), though— which was controversial at the time, *see id.* at 1005 (Kleinfeld, J., dissenting); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701-05 (9th Cir. 2007) (O'Scannlain, J., specially concurring) (*Lowdermilk* improperly "invert[ed] the 'legal certainty' test"), and has been rejected by every other circuit since[1]—was destroyed by *Standard Fire*. There, the Supreme Court held that a class

---

[1] *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246-47 (10th Cir. 2012) ("By adopting the preponderance standard, we ensure that defendants seeking removal face the same burden regardless of whether they are invoking simple diversity jurisdiction or CAFA jurisdiction."); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011) (clarifying that the preponderance standard applies to removing defendants); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) ("[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); *Exxon Chem. Fire v. Berry*, 558 F.3d 378 (5th Cir. 2009) (applying preponderance of the evidence standard to evaluate the CAFA amount in controversy); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) ("[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum."); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (adopting a "reasonable probability" standard that is "for all practical purposes identical to the preponderance standard"); *Bartnikowski v. NVR, Inc.*, 307 F. App'x. 730, 734 (4th Cir. 2009) ("[T]he defendant's burden in these circumstances is to establish the jurisdictional amount by a preponderance of the evidence."); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) ("CAFA does not alter the fact that the removing defendant has the burden of demonstrating, by a

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**

plaintiff's obligations to other class members supersede any right to be the "master of [the] complaint." 133 S. Ct. at 1349-50. Thus, unlike an individual, a class plaintiff's artful jurisdictional pleadings are entitled to none of the deference *Lowdermilk* provided; rather, courts must "ignore" boilerplate damages assertions and simply "aggregate the value of the individual claims of all who meet the class description." *Id.* at 1350. Consistent with CAFA, jurisdiction then attaches if there is even a "contingent" yet "real possibility" that more than $5 million might be in controversy. *Id.*

The *Rodriguez* Court rightly recognized that *Standard Fire*'s holdings—most notably, that courts must "ignore" plaintiff's damages allegations and grant jurisdiction if there is even a "contingent" "possibility" the amount-in-controversy threshold might be met—could not be squared with, and thus, overruled, *Lowdermilk*'s requirement that CAFA defendants shoulder the burden of proving, to a legal certainty, that more than $5 million is at issue. *See* Slip Op. at 12-13 (*Lowdermilk* is "directly contradicted by *Standard Fire*"); *id*. at 14 (*Standard Fire* and *Lowdermilk* are "clearly irreconcilable"). In *Lowdermilk*'s place, the *Rodriguez* Court correctly concluded that *Standard Fire* instead required defendants' evidence to satisfy merely a "preponderance of the evidence" test.[2]

Plaintiffs' contentions that the *Rodriguez* Court acted beyond its authority by so ruling, moreover, are unavailing. *Rodriguez*'s acknowledgement that *Standard Fire* overruled *Lowdermilk* comports with Ninth Circuit law vesting panels of the Court with the responsibility to recognize when a higher authority has undermined the basis for a previous decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*) (charging panels with responsibility to overrule prior

---

preponderance of the evidence, that the amount in controversy requirement has been met."); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) ("To satisfy its burden, defendant must prove to a reasonable probability that . . . the amount in controversy exceeds $5 million."); *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 156 (D.D.C. 2007) ("[T]he removing litigant must show a reasonable probability the stakes exceed the minimum amount in controversy." (relying on the Seventh Circuit's CAFA removal standard)).

[2] As other courts have noted, *Standard Fire*'s "real possibility" language is "for all practical purposes identical to the preponderance standard adopted by several circuits." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (adopting a "reasonable probability standard" and describing it as "identical to the preponderance standard"); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (equating "reasonable probability" with "preponderance" in a CAFA-removal context). Moreover, the district court opinion that was the basis of *Standard Fire* applied a preponderance standard. *See Knowles v. Standard Fire Ins. Co.*, No. 4:11-cv-04044, 2011 WL 6013024, at *3 (W.D. Ark. Dec. 2, 2011).

– 3 –

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**

panel decisions where intervening authority "undercut[s] the theory [and] reasoning underlying [a past opinion] in such a way that the cases are clearly irreconcilable"). This is so even if, as here, the "issues decided by the higher court [are] not . . . identical"; rather, "circuit precedent . . . can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." *Id.*

Furthermore, Plaintiff's cherry-picked quotations from *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1185 (9th Cir. 2003) (see Mot. at 2)—which predates *Miller*, in any event—aimed at challenging the propriety of a panel overruling a panel, do nothing to cast into "doubt" *Rodriguez*'s binding authority over *these* proceedings. *Rodriguez* held that *Lowdermilk*'s legal certainty standard is now unlawful. Slip Op at 14 ("The reasoning behind *Lowdermilk*'s imposition of the legal certainty standard is clearly irreconcilable with *Standard Fire*. We hold that *Standard Fire* has so undermined the reasoning of our decision in *Lowdermilk* that the latter has been effectively overruled."). It further held, in plain language, that class action defendants need only provide proof of CAFA jurisdiction by a preponderance. *Id.* This opinion is now binding on this Court; it does not require *en banc* approval to be authoritative, nor is it nullified by the specter of subsequent *en banc* or Supreme Court review. *See, e.g.*, *Marley v. United States*, 567 F.3d 1030, 1037 (9th Cir. 2009) (explaining that panel opinions are binding until and unless an *en banc* panel withdraws the opinion). Plaintiff's self-defeating suggestion that this Court should reject *Rodriguez* because the Ninth Circuit purportedly showed insufficient deference to *itself*, therefore, should be rejected.

The *Rodriguez* Court rightly interpreted *Standard Fire* to have overruled the long-moribund *Lowdermilk*, stated its holding in pellucid language, and acted well within its power in so holding. *Rodriguez* left no "doubt" that the preponderance standard governs. No further briefing is needed.

**B.    The Application of a More-Lenient Legal Standard to Quest's Evidentiary Submissions Requires no Further Briefing.**

Plaintiffs' second flawed premise is that *Rodriguez* "reopened" the factual issues supporting federal jurisdiction. But *Standard Fire* and *Rodriguez* did not change the rules of the game; rather,

– 4 –

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**

consistent with the purposes of CAFA,[3] they merely recognize that the finish line should be easier to reach—the facts supporting jurisdiction are the same under either standard, and *Rodriguez* simply directs courts to require fewer facts and to interpret them in favor of granting CAFA jurisdiction. This burden-easing makes supplemental briefing especially inappropriate here, where it is *Quest*, as the proponent of federal jurisdiction, that bears the burden of establishing jurisdiction, and it is *Quest* that runs the "risk of non-persuasion." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam) (quotation omitted). That Quest's burden has been made lighter does not and should not give *Plaintiffs* another chance to *disprove* jurisdiction.

Furthermore, as the parties have already fully briefed jurisdictional issues under *both* standards of review, the Court already has before it more-than-ample materials to conclude that a preponderance of the evidence supports jurisdiction, rendering superfluous any further briefing. Because *Lowdermilk*'s continuing viability was in serious doubt after *Standard Fire*, Quest argued as early as its Notice of Removal that this case would ultimately be governed by *Standard Fire* and the preponderance standard. (ECF # 1, at 4-5 & n.1.) In their subsequent Motion to Remand, Plaintiffs expressly argued that Quest's evidence would not meet *either* the legal certainty *or* the preponderance standard. (ECF # 7, at 8.) The main argument in Quest's Opposition, in turn, was that *Lowdermilk* was bad law, the preponderance standard applied, and that Quest's evidence satisfied that standard. (ECF # 9, at 2-8.) In their Reply, Plaintiffs challenged this argument repeatedly in passing. (ECF # 10, at 8.) Then, after the Magistrate Judge issued her Findings and Recommendations, Quest's Objections to the Magistrate Judge's Findings and Recommendations again addressed the propriety of (and sufficiency of its proof under) the preponderance standard. (ECF # 17.) Plaintiffs, in their Response, again argued about whether Quest's evidence satisfied *either* the legal certainty standard *or* the preponderance standard. (ECF # 18, at 11.) Finally, the parties had yet another chance to address what impact *Rodriguez* will have on these proceedings

---

[3] *See, e.g.*, S. Rep. No. 109-14, at 43 (2005) (explaining that CAFA was intended to "expand substantially federal court jurisdiction over class actions. . . . with a strong preference that interstate class actions should be heard in a federal court")

– 5 –

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**

after the Ninth Circuit issued its opinion: Quest submitted a Notice of Supplemental Authority (ECF # 21), while Plaintiff declined the opportunity to respond.

All of these submissions are more than enough to establish by a preponderance the at-least "contingent" "possibility" that the amount in controversy far exceeds $5 million. *Standard Fire*, 133 S. Ct. 1350. As explained in the parties' briefing, just *two* of Plaintiffs' *nine* claims place in controversy at least $8,625,000, a conservative sum that does not account for much of the additional relief Plaintiff seeks, including for penalties under PAGA and attorneys' fees "in excess of $25,000."[4] Plaintiffs' claim under Labor Code § 226, for example, challenges the accuracy of *every* wage statement paid to class members during the relevant statutory period and seeks the maximum penalty recoverable under § 226. The amount in controversy for this wage statement claim is at least $5,300,000.[5] Likewise, Plaintiffs put at issue the maximum penalties under Labor Code § 203 for every former employee in the relevant period. Even assuming a class of only persons who have been former employees for more than thirty days, this claim adds another $3.25 million.[6] Plaintiffs' *seven other claims* only increase this amount. This unrefuted evidence more than meets the preponderance standard. *See e.g.*, *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) ("Since Defendant's calculations were relatively conservative, made in good faith, and based on evidence wherever possible, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) (holding that, under the preponderance standard, a defendant is entitled to the presumption that each class plaintiff may recover the statutory maximum in calculating the amount in controversy). Given the above evidence already in the record, any additional briefing would thus prove unduly repetitive.

---

[4] The putative Class is comprised of *at least* 2000 persons, *at least* 785 of whom are no longer employed, and represents *at least* 1200 Fill Time Equivalents ("FTE"); the putative Floater Sub Class is comprised of *at least* 180 persons, *at least* 30 of whom are no longer employed, and represents *at least* 125 FTEs; and the average hourly wage for these individuals was *no less than* and in excess of $17.00 per hour.

[5] 1,325 FTE's x $4,000 = $5,300,000.

[6] Minimum average wage of $17.00 per hour x an average 8 hours per day x 30 days of waiting time penalties x no fewer than 815 formerly employed individuals = $3,325,200.

– 6 –
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE FOR SUPPLEMENTAL BRIEFING RE: DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS GRANTING MOTION TO REMAND**

In sum, *Rodriguez* has not "reopened" the issue of jurisdiction nor created a need to collect more facts.[7] It has only clarified the standard the Court must apply to the facts already before it. These facts show that federal jurisdiction is proper, and that this Court should deny both Plaintiffs' request for supplemental briefing and Plaintiffs' motion for remand.

## III.   CONCLUSION

For foregoing reasons, Plaintiffs' motion for administrative relief for leave for supplemental briefing should be denied.

Dated: September 23, 2013                                SIDLEY AUSTIN LLP

By:*/s/ Erica C. Parks*
Jonathan M. Brenner
Erica C. Parks
Attorneys for Defendants

---

[7] Plaintiff argues incorrectly that additional briefing is the course of action suggested by *Rodriguez* itself, *see* Mot. at 2 & n.1, which remanded to the district court to make findings of fact about whether defendants had satisfied the preponderance standard. But there, the district court had "rel[ied] [solely] on [plaintiffs] waiver of damages in excess of $5 million, [and] did not undertake an analysis of AT&T's evidence regarding the amount in controversy." Slip Op. at 14-15. Here, there has been no such express waiver. Furthermore, *Rodriguez*'s remand offers no guidance about the propriety of additional briefing; rather, it simply reaffirms the settled principle that district courts, not the Court of Appeals, are the preferred fact finders. And here, this case is *still before* the District Court. *Rodriguez* thus provides no support to Plaintiffs' motion for supplemental briefing.