UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEA EMMONS and LISA STAPELTON,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., et al.,<br><br>Defendants.<br>_____ / | Case No. 1:13-cv-0474 AWI-BAM<br><br>ORDER HOLDING THE PARTIES' JOINT STIPULATION TO ADD QUEST DIAGNOSTICS INCORPORATED AS A NAMED DEFENDANT TO THE ACTION IN ABEYANCE PENDING A FINAL RULING ON PLAINTIFFS' MOTION TO REMAND<br><br>(Doc. 34) |

On February 17, 2014, Plaintiffs Dorothea Emmons and Lisa Stapelton ("Plaintiffs") and Defendants Quest Diagnostic Clinical Laboratories, Inc., Quest Diagnostics Incorporated of Nevada, and Quest Diagnostics Nichols Institute (collectively "Defendants" or "Quest"), filed a stipulation agreeing to add Quest Diagnostics Incorporated, a Delaware Corporation, as a named Defendant in this Action. (Doc. 34). Prior to this stipulation, Plaintiffs filed a Motion to Remand this action to the Stanislaus County Superior Court. (Doc. 6). On February 12, 2014, this Court recommended that Plaintiffs' Motion to Remand should be granted because the jurisdictional allegations contained in the complaint and removal notice were deficient to demonstrate diversity jurisdiction under 28 U.S.C. § 1332. Therefore, this Court lacks jurisdiction to proceed in this case.

Without jurisdiction the Court cannot proceed on the parties' stipulation to amend the complaint. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514 (1868). The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). If the Court determines that subject matter jurisdiction is lacking, it must automatically dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

This Court is not at liberty to override the jurisdictional question to approve the parties' joint stipulation at this time. On February 12, 2014, this Court issued Findings and Recommendations granting Plaintiff's Motion to Remand for lack of jurisdiction. (Doc. 32). Objections to the Court's Findings and Recommendations are due on or before March 4, 2014. (Doc. 32). After the objection period, the district judge will review this Court's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Once the ruling on Plaintiffs' Motion to Remand is final, this Court will address the parties' joint stipulation, if necessary.

Accordingly, this Court holds in abeyance the parties' Joint Stipulation to Add Quest Diagnostics Inc. as a named Defendant pending a final ruling on Plaintiffs' Motion to Remand.

IT IS SO ORDERED.

Dated: **February 20, 2014**                     /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE