Robert Drexler (SBN 119119)
Robert.Drexler@Capstonelawyers.com
Stan Karas (SBN 222402)
Stan.Karas@capstonelawyers.com
Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Tel: (310) 556-4811 / Fax: (310) 943-0396

Attorneys for Plaintiffs

Jonathan M. Brenner, SBN 162366
jbrenner@sidley.com
Erica C. Parks, SBN 273893
eparks@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Tel:  (213) 896-6000 / Fax:  (213) 896-6600

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEA EMMONS and LISA STAPLETON, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees,<br><br>        Plaintiffs,<br><br>   v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Delaware corporation; QUEST DIAGNOSTICS INCORPORATED, doing business as QUEST DIAGNOSTICS INCORPORATED OF NEVADA, a Nevada corporation; QUEST DIAGNOSTICS NICHOLS INSTITUTE, a California corporations; DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 1:13-cv-00474-DAD-BAM<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Plaintiffs Dorothea Emmons and Lisa Stapleton ("Plaintiffs"), and Defendant Quest Diagnostics Incorporated, a Delaware corporation ("Defendant" and, together with Plaintiffs, the "parties" or, separately, a "party"), have commenced discovery in the above captioned matter;

WHEREAS disclosure and discovery activity in this action are likely to involve the potential production of confidential, private, proprietary, and/or trade secret or other sensitive business information that warrants special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation.

WHEREAS, subject to and without waiving any objections any Party may have as to the discoverability of any information, and without waiving any objections or legal claims any Party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), the Parties desire to agree to procedures for the exchange, handling and protection of "Confidential Information" as defined herein;

WHEREAS, the Parties acknowledge that the following Proposed Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information and items that are confidential and that: (1) are protected by the right of privacy or a statutory protection of confidentiality, (2) are proprietary or (3) contain trade secrets;

WHEREFORE, pursuant to Federal Rule of Civil Procedure 5.2(e) and 26, the Parties, by and through their respective counsel, hereby submit the following Stipulation and respectfully move the Court to approve the Stipulation as a Protective Order:

## STIPULATION

1. "Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which is not generally known to the public, which the designating party (the "Designating Party") maintains in confidence by itself or with others, and which is commercially sensitive, trade secret, proprietary, and/or private.

2. Any party to this action may designate Confidential Information as "Confidential Information" where the party exercises reasonable discretion in making the designation and where the designation is made upon a good faith belief that such information may reasonably be considered "Confidential Information" as defined herein.  Mass, indiscriminate or reutilized designations are improper and the parties do not waive the right to challenge any other party's designation.

3. A party to this action may designate information as Confidential Information by marking the page or electronic file or medium: "CONFIDENTIAL INFORMATION."  In lieu of marking original documents, the Designating Party may mark copies that are produced or exchanged.  Marking or stamping "CONFIDENTIAL INFORMATION" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information.

4. In accordance with the limitations and procedures set forth below, access to the Confidential Information shall be limited to the following persons or parties:

    a. Attorneys of record for the Parties;

    b. Paralegals, secretaries, and/or process servers regularly employed by the Parties' counsel of record;

    c. Plaintiffs and Defendants, including their employees;

    d. Experts or paid consultants regarding this litigation; and

    e. Third party percipient/fact witnesses in this litigation.

5. All persons designated in paragraph 4.d and 4.e who, in the course of this action, may be given access to Confidential Information, shall be required to read the Stipulation and agree to be bound thereby by executing the "Acknowledgment and Agreement To Be Bound By Protective Order," attached hereto as Exhibit A.  The original Acknowledgments will be maintained by the party providing access to the Confidential Information and shall be produced upon reasonable request.  Notwithstanding Paragraph 4, although Plaintiffs and percipient witnesses may be provided access to Confidential Information for review, the parties agree that Plaintiffs and percipient

witnesses will not be given possession, temporarily or otherwise, of copies of Confidential Information.

6. Any responses to interrogatories, requests for admissions, or demands for inspection and pleadings that disclose the content of Confidential Information shall be restricted and marked as Confidential Information.

7. Confidential Information produced or disclosed by a party shall be used by the receiving party solely for the purposes of this action and not for any other purpose.  This Stipulation and Protective Order is not intended to contravene Rule 1-500(A) of the California Rule of Professional Conduct and Model Rules of Professional Conduct 5.6.

8. If Confidential Information is disclosed during a deposition or in other pretrial or trial proceedings, counsel of record for the receiving party shall make arrangements, or when appropriate request the Court to make arrangements, to ensure that only the deponent, counsel for the deponent, court reporter, and Qualified Persons identified in Paragraph 4 above, are present, and ask that the transcript or exhibits containing Confidential Information, or portions thereof, be bound separately and marked "Confidential - Subject to Protective Order."

9. Nothing contained in this Stipulation shall be construed to prejudice the rights of a party to use before the Court, arbitrator, or mediator any Confidential Information.  However, before doing so, the party intending to use Confidential Information shall so inform the other party and request from the Court, arbitrator, or mediator appropriate protection for the Confidential Information.  The proponent of the sealing or redaction of any document to be filed with the Court shall file a "Request to Seal Documents" pursuant to Eastern District Local Rule 140 and 141.

10. Nothing in this Stipulation shall abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the confidential status of the Confidential Information.

11. Any objections as to the admissibility of the Confidential Information are reserved and are not waived by any terms of this Stipulation and Order.

12. This Stipulation and Order shall not prejudice the right of the Parties:  (a) to object to any request to produce Confidential Information; (b) to object to the introduction into evidence of

any Confidential Information; (c) to seek additional protective treatment for any Confidential Information; (d) to object to the designation of documents as Confidential Information; or (e) to seek any modification of any provision of this Stipulation and Order either generally or as to any particular Confidential Information by properly noticed motion.  The Parties shall meet and confer regarding any dispute that refers or relates to Confidential Information prior to filing any motion.

13.     The parties agree that the designating party's legal remedies are inadequate to prevent the use or disclosure of Confidential Information covered by this Stipulation.  Therefore, the Parties agree that injunctive relief is an appropriate remedy to prevent any person or party from using or disclosing Confidential Information in violation of this Stipulation and Order.  In the event a party, or any other person or entity, violates or threatens to violate any of the terms of this Stipulation and Order, the Parties agree that the designating party, with appropriate notice, may apply to the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Stipulation.  In the event the designating party applies to the Court to obtain injunctive relief, the responding party, person or entity subject to the provisions of this Stipulation and Order shall not employ as a defense thereto a claim that the designating party possesses an adequate remedy at law.  The Parties and any other persons subject to the terms of this Stipulation and Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this order.  The Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief.

14.     Inadvertent disclosure of any Confidential Information during discovery, arbitration, mediation or trial of this action, or inadvertent disclosure of Confidential Information without appropriate designation, shall be without prejudice to any claim that such material is private and confidential and no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

15.     If Confidential Information is disclosed to any persons other than in the manner authorized by this Stipulation and Order, the person or party responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all

parties without prejudice to other rights and remedies of any party and make every effort to prevent further disclosure by it or by the person who receives such information.

16. Sanctions for disclosure of Confidential Information contrary to the terms herein shall be decided by the Court, after opportunity for briefing and argument by the Parties.

17. This Stipulation may be amended by the written agreement of counsel for the Parties to this agreement in the form of an amended stipulation and pursuant to a further order of the Court. This Stipulation is intended to regulate the handling of the Confidential Information during the entirety of this litigation through appeal and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record or by agreement of the Parties to this litigation and any pertinent third parties or by order of the Court.

18. Within thirty five (35) days after the final disposition of the proceeding, whether through final judgment or otherwise (including all appeals), counsel for the Parties and any person authorized by the Stipulation to receive Confidential Information shall return or destroy all originals and copies of documents relating or referring to the Confidential Information, except that only the Parties' attorneys of record shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to discovery requests, responses to requests for admission, or deposition transcripts that contain or refer to any Confidential Information to the extent necessary to preserve a litigation file in this case.  Confidential Information in such litigation files shall remain sealed and disclosed only in accordance with the terms of this Stipulation and Order.

19. The terms of this Stipulation shall survive and remain in full force and effect after termination of this lawsuit.  The Court shall retain jurisdiction over the Parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

//
//
//
//

Dated: December 3, 2015

        CAPSTONE LAW APC

        By: _____
           Robert Drexler
           Stan Karas
           Bevin Allen Pike
           Jonathan Lee

        Attorneys for Plaintiffs Dorothea Emmons and Lisa Stapleton

Dated: December 3, 2015

        SIDLEY AUSTIN LLP

        By: /s/ Erica C. Parks_____
           Jonathan M. Brenner
           Erica C. Parks

        Attorneys for Defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Incorporated of Nevada, and Quest Diagnostics Nichols Institute

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name] of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 2015 in the case of Emmons et al. v. Quest Diagnostics Clinical Laboratories, Inc. et al., Case No. 1:13-cv-00474-AWI-BAM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

7
**STIPULATED PROTECTIVE ORDER**

ORDER

The Court, having read and considered the Stipulated Protective Order regarding the protection of Confidential Information, including but not limited to the contact information of former employees, and good cause appearing in that discovery in this action will be facilitated thereby,

IT IS HEREBY ORDERED that the Stipulated Protective Order is entered in this action without prejudice to any motion for modification.

IT IS SO ORDERED.

Dated:   **December 4, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE