1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOROTHEA EMMONS, et al.,                    No.  1:13-cv-00474-DAD-BAM

12          Plaintiffs,

13      v.                                        ORDER DENYING REQUEST TO SEAL
                                                 AND ORDERING PLAINTIFFS TO SUBMIT
14   QUEST DIAGNOSTICS CLINICAL                  DOCUMENTS
     LABORATORIES, INC., et al.,
15
            Defendants.
16

17          This matter is a putative class action originally filed in Stanislaus County Superior Court

18   and removed to this court on April 1, 2013.  (Doc. No. 1.)  The court granted preliminary

19   approval of a class action settlement and preliminary certification of the class on June 22, 2016,

20   though the court noted at that time it expected further evidence in the form of declarations and

21   affidavits would be submitted on the issue of commonality prior to the final fairness hearing.

22   (Doc. No. 81.)  On December 20, 2016, plaintiffs' motions for attorneys' fees and for final

23   approval of the class action settlement were heard.  (Doc. Nos. 86, 88, 90.)  At that hearing, the

24   court indicated that the evidence presented on the issue of commonality was insufficient and

25   directed plaintiffs to file supplemental briefing including additional evidence of commonality.

26   Plaintiffs filed this supplement briefing on January 17, 2017, as directed.  (Doc. No. 91.)

27   However, the supplement briefing was also accompanied by a request to seal certain documents.

28   (Doc. No. 92.)  For the reasons set forth below, that request to file under seal must be denied.

1

**LEGAL STANDARD**

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction."  However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record."  Fed. R. Civ. P. 5.2(d).  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted).  Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here,[1]

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling

---

[1] While courts frequently use the language of "dispositive" and "non-dispositive," the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Thus, in certain instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine, though such motions are not actually dispositive of an issue or claim, may be subjected to the "compelling reasons" test, predicated on the public's right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness."  Id. at 1097–1101 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 161 (3d Cir. 1993)).

1          reason and articulate the factual basis for its ruling, without relying
           on hypothesis or conjecture.
2

3    *Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted).  The party seeking to

4    seal a judicial record bears the burden of meeting the "compelling reasons" standard.  *Id.* at 1178;

5    *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

6          "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when

7    such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to

8    gratify private spite, promote public scandal, circulate libelous statements, or release trade

9    secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the

10   production of records may lead to a litigant's embarrassment, incrimination, or exposure to

11   further litigation will not, without more, compel the court to seal its records."  *Id.*  "The

12   'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were

13   previously filed under seal or protective order."  *Id.* at 1178–79.

14                                          **DISCUSSION**

15         The request to file under seal now pending before the court relates to a motion for final

16   approval of a class action settlement.  The undersigned concludes that it is therefore governed by

17   the "compelling reasons" standard as it disposes of all federal proceedings and is fully related to

18   the merits of the case.  *See* 28 U.S.C. § 636(b)(1) (noting a motion to dismiss or permit

19   maintenance of a class action may not be heard by a magistrate judge absent consent to magistrate

20   judge jurisdiction for all purposes); *Center for Auto Safety*, 809 F.3d at 1101 (applying the

21   compelling reasons standard to any motion "more than tangentially related to the merits of the

22   case"); *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (noting that where a motion is

23   "dispositive of all federal proceedings in a case, . . . [it] is properly characterized as a dispositive

24   motion under 28 U.S.C. § 636(b)(1)(A)"); *Strong v. United States*, 57 F. Supp. 2d 908, 913–14

25   (N.D. Cal. 1999) (describing the excepted motions under 28 U.S.C. § 636(b)(1)(A) as dispositive

26   motions); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 204–05 (N.D. Cal. 1983) (noting a

27   district judge must provide *de novo* review of any dispositive motions listed under 28 U.S.C.

28   § 636(b)(1)(A)).  Therefore, the party seeking to seal the documents in question in this instance

                                                   3

1    must demonstrate "compelling reasons" exist to justify sealing them.  *Kamakana*, 447 F.3d at

2    1178–80.

3         Here, in attempting to demonstrate commonality, plaintiffs have submitted to the court

4    various labor policy documents provided in discovery by defendants.  (Doc. No. 92 at 2.)

5    Plaintiffs assert "such documents are internal operating policies that are maintained confidentially

6    by Defendants and are not publicly disseminated, and have not been made public in this

7    litigation."  (Doc. No. 92 at 2.)  This statement, however, falls far short of demonstrating the

8    documents might "'become a vehicle for improper purposes,' such as the use of records to gratify

9    private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id*.

10   at 1179 (quoting *Nixon*, 435 U.S. at 598).  Moreover, the court has examined the documents in

11   question, and nothing on their face suggests they are sensitive, scandalous, or might be used to

12   further nefarious or improper purposes if disclosed to the public.

13                                    **CONCLUSION**

14        For the reasons set forth above, the request to file under seal (Doc. No. 92) is denied

15   without prejudice to its renewal supported by a proper showing satisfying the compelling reasons

16   standard discussed above.  *See* Local Rule 141(e).  Within **seven (7) days** of the service of this

17   order, plaintiffs must file a notice with the court indicating whether they (1) will seek to file the

18   documents in question on the public docket; (2) will seek to renew the request to seal with a

19   proper showing of compelling reasons for the requested sealing; or (3) wish the court to simply

20   rule upon their motions for attorneys' fees and for final approval of class action settlement based

21   on the materials already filed with the court.  If plaintiffs file a notice indicating that they will

22   seek to renew the request to seal supported by a proper showing, the renewed request to seal must

23   be filed within **seven (7) days** thereafter.

24        Recognizing that it may be defendants here who are better suited to justify the need for the

25   filing of these documents under seal, if plaintiffs file a notice of an intent to file the documents on

26   the public record, they are directed to simultaneously identify for defense counsel which

27   documents they intend to so file with the court.  Defense counsel will then have **fourteen (14)**

28   **days** from the date of service of the notice of intention to file unsealed documents to submit a

                                          4

1   request that the documents be filed under seal supported by an appropriate showing of compelling

2   reasons.  Any opposition to such a request should be filed in accordance with Local Rule 141(c).

3   If defendants do not request the documents be filed under seal within the time provided, plaintiffs

4   shall file the documents with the court on the public docket within **three (3) days** following the

5   expiration of the above period.

6   IT IS SO ORDERED.

7       Dated:   **January 29, 2017**

8                                                   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28